ABERNATHY et ux. v. McCRUMMEN.

(Court of Civil Appeals of Texas. Amarillo. February 17, 1912. Rehearing Denied March 29, 1912.)

1. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS OF ERROR—SPECIFICATION OF ERROR.

An assignment of error on appeal from a judgment on a note, where the only issue was as to the amount of credits to which defendants were entitled, that "the court erred in not giving to the defendants credit for all sums shown to have been paid by them to the said M. on the note," is not sufficient to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

2. APPEAL AND ERROR (§ 1012*)—JUDGMENT —JURY WAIVED—TRIAL—CONCLUSIVENESS.

Where there is evidence in the record on which the judgment of the court, at a trial to the court, can be sustained, the appellate court will affirm the judgment, even though of the opinion that under the testimony a different judgment should have been rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. § 1012.*]

3. APPEAL AND ERROR (§ 909*)—RELEASE— PRESUMPTION.

In an action on a note, where the only issue was as to the credits to which defendant was entitled, where a release introduced by defendant, dated after the credits indorsed on the note, except as to one item, acknowledges certain payments on the note, it will be presumed on appeal that all of such items were adjusted by such release, or that the amount mentioned in the release failed in some way to include all payments that had been made prior thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

Error from District Court, Lubbock County; L. S. Kinder, Judge.

Action on a note and for foreclosure of a deed of trust by L. M. McCrummen against M. G. Abernathy and wife. Judgment for plaintiff, and defendants bring writ of error. Affirmed.

W. H. Bledsoe and W. D. Benson, both of Lubbock, for plaintiffs in error. Bean & Klett, of Lubbock, and H. C. Randolph, of Plainview, for defendant in error.

GRAHAM, C. J. This is an appeal, brought to this court through writ of error proceedings, from a moneyed judgment, including a foreclosure of deed of trust lien on lands, rendered in the district court of Lubbock county on July 28, 1910.

The record shows that L. M. McCrummen is the wife of John McCrummen, deceased, and, as independent executrix of his estate, brought suit against M. G. Abernathy and his wife, M. D. Abernathy, to recover the balance, including interest and attorney's fees, due on a certain promissory note, of date September 28, 1906, due on its face on or before three years after its date, bearing 10 per cent. interest per annum, and providing for 10 per cent. attorney's fees, and signed by M. C. Abernathy and Mollie D. Abernathy, and payable on its face to John McCrummen, and to foreclose a deed of trust lien on certain lands on which the lien'had been created by a deed of trust, executed by M. G. Abernathy and M. D. Abernathy to secure the payment of said note; allegation being made that the note had credits indorsed thereon of date and amounts as follows: September 28, 1908, for the sum of $766.42; February 11, 1908, for the sum of $3,221.93; November 3, 1909, for the sum of $500. That M. G. Abernathy and wife answered by a general demurrer, a general denial, and pleaded that they were entitled to credits on the note sued on in the sum of $500, being the value of 2½ shares of bank stock converted by John McCrummen, dividends on said bank stock in the sum of $475, converted by John McCrummen, $2,285.31, the aggregate value of three notes, executed by W. T. Jennings and payable on their face to F. E. Whellock, for $733.33⅓ each, bearing 8 per cent. interest per annum, and $2,000 paid on one note, executed by F. E. Whellock, payable on its face to M. G. Abernathy and M. D. Abernathy, and transferred by them to John McCrummen; allegation being made that all of said sums were received by John McCrummen in his lifetime, under a contract to apply the same as a credit on the note sued on. That plaintiff below replied by supplemental petition containing a general demurrer, a special exception, and a general denial.

The trial below was had before the court, without a jury, who rendered judgment for plaintiff against defendant M. G. Abernathy for the sum of $4,731.47, with 10 per cent. interest per annum thereon from the date of judgment, and in favor of plaintiff and against both of the defendants for a foreclosure of the deed of trust on the land.

The record shows that John McCrummen and M. G. Abernathy had many business dealings between themselves from about the year 1905 up to the time of the death of John McCrummen; and some question was sought to be raised during the trial as to the proper application that should be made of the moneys and other things of value that are shown by the record to have passed from Abernathy to McCrummen. As the record

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

successfully shows, however, that all evidences of indebtedness by Abernathy or his wife to John McCrummen had been settled prior to the death of McCrummen, except such balance as may have remained unpaid on the note sued on, we will not discuss the testimony as to other transactions between McCrummen and Abernathy, except in so far as they may throw light upon the question of the amount of credits to which the note sued on was entitled; and, as plaintiffs in error bring the case before this court on three assignments of error only, we will confine our discussion of the evidence to the questions raised under said assignments; they being as follows:

(1) "The court erred in not crediting the defendants M. G. Abernathy and Mollie D. Abernathy with the sum of $2,285.31, shown to have been paid to John McCrummen in the transfer of three certain promissory notes, executed by W. T. Jennings and payable to the order of F. E. Whellock, of date July 22, 1907, for the sum of $733.33⅓ each, and by said Whellock transferred to defendants below, and by them transferred to John McCrummen, which were to have been credited as payments for the full amounts thereof on the note sued on in this cause."

(2) "The court erred in not crediting the defendants with the sum of $2,000, shown to have been paid to John McCrummen on the 11th day of February, 1908, by the transfer of the note executed by F. E. Whellock for said sum, and by these defendants transferred and delivered to said John McCrummen, to be credited upon the note herein sued upon."

(3) "The court erred in not giving to the defendants credit for all sums shown to have been paid by them to the said John McCrummen on the note sued on in this case."

Plaintiffs in error submit each of said assignments as a proposition, and we will discuss and dispose of them together, as we are of the opinion that they must each be overruled.

The statement of the case above made shows most clearly that the only issue on the trial below was the amount of credits to which the note sued on was entitled; and, as defendant in error makes no complaint in this court as to the credits allowed by the trial court in rendering its judgment, we will not inquire into the credits allowed any further than may be necessary in disposing of the contentions of plaintiffs in error, and will ascertain from the statement of facts whether or not plaintiffs in error have furnished proof conclusive of the fact that the note sued on was entitled to credit of either or both of the sums mentioned in the first and second assignments of error, or any part of either, and, if so, whether plaintiffs in error have also furnished proof conclusive that such sum, or sums, was not included in the credits allowed by the court in reaching the conclusions on which the judgment was rendered.

[1] We will not consider the third assignment, for the reason that same is too general, and does not sufficiently point out an error to require a consideration thereof at our hands under the rules.

Aside from the credits indorsed on the note sued on, we find nothing in the record from which it can be certainly known, either as to the date for which the credit should be given, or the amount thereof, as to any of the credits which plaintiffs in error contend, under their first and second assignments, they were entitled to and were not allowed; and we are therefore unable to say, with any degree of certainty, just what items the trial court did allow, or the date from which he allowed them, as a credit, though counsel for both plaintiffs in error and defendant in error, in their briefs, as well as in oral argument before this court, appear to have proceeded on the idea that the trial court in rendering his judgment allowed as credits each of the items indorsed on the note in amount and as of their dates, respectively, and, in addition, also allowed as a credit the value of 2½ shares of bank stock, together with certain dividends paid thereon, including, also, certain dividends paid on 10 other shares of bank stock.

From the foregoing, it will be seen that plaintiffs in error have failed to show from the record conclusively what items of credit the court below allowed in rendering its judgment, and we will therefore proceed to see if there is any theory under the facts proven on which the judgment rendered below can be sustained; and, if so, under the record as it comes before us, it is our duty to affirm the judgment rendered below.

We fail to find any evidence in the record such as would warrant us in applying as a credit on the note sued on the sums mentioned in either the first or second assignment of error, in the event the trial court failed to allow either or both, for the reason that there is no positive testimony that either of said sums, or any part of either of them, were paid to John McCrummen, or to any person for him, under an agreement that the note should be credited therewith. The proof on this question is also in such condition that if the trial court allowed either or both of said sums, or a part of either and all of the other, as a credit, we are not prepared to say that we would feel warranted in disturbing the judgment for want of evidence to sustain it on that ground.

[2] The foregoing general statement would necessarily result in our overruling the assignments of plaintiffs in error, for the reason that, to our mind, there is evidence found in the record on which the judgment of the court can be sustained, and that being the case, as we view the law, it becomes our duty to affirm the judgment, even if we were

inclined to the opinion that, under the testimony, a different judgment should have been rendered. Walker v. Cole, 27 S. W. 882; Del Rio Water Co. v. Griner, 141 S. W. 1005.

Bearing in mind that the defendant in error is making no complaint in this court that the trial court allowed credits in reaching his judgment which were not supported by evidence found in the statement of facts, and that therefore the question of whether or not credits to which the note was not entitled have been allowed become immaterial, we will discuss the condition of the evidence as bearing upon the right of plaintiffs in error to have as credits on the note sued on the items mentioned in their first and second assignments of error.

While the statement of facts shows that the notes mentioned in the first and second assignments of error were transferred to and became the property of John McCrummen, we fail to find a line of testimony in the record requiring the conclusion that he received the same under any agreement or contract, either express or implied, that the value thereof, or the amount represented by said notes, should be placed as a credit on the note sued upon, or that even tends to raise a presumption that the notes mentioned in said assignments were not in some other way paid for by McCrummen at the time or before he received the same; and therefore plaintiffs in error have failed by the record to show that they were entitled to have the notes mentioned in said assignments, or any part thereof, placed as a credit on the note sued upon, although we think that the record shows with reasonable certainty that the item mentioned in the second assignment is included in the $3,221.93 credited on the note sued on, for the reason that the record shows John McCrummen to have received the $2,000 note on the same day this credit was entered on the note sued on.

[3] Plaintiffs in error contend that, as a release deed introduced in evidence, of date March 3, 1908, acknowledges on its face a payment on the note sued on in the sum of $3,988.35, it is conclusively shown that they had not secured credits to which they were entitled under the evidence. As this release deed bears date subsequent to the credits indorsed on the note, except as to the $500 item, and also subsequent to the date of the transfer of the $2,000 note mentioned in the second assignment, and after the date of the notes mentioned in the first assignment, and there is no evidence in the record as to when the notes mentioned in the first assignment were transferred to McCrummen, we think it a reasonable and fair presumption that in some way all of said items were adjusted in said release, or that the amount mentioned in the release in some way failed to include all payments that had been made prior thereto; at least, we hold that the amount in the

face of this release cannot successfully be used as a basis for sustaining either of appellants' assignments of error, in that there are many ways in which a reasonable explanation might be made, consistent with the conclusion reached by the trial court, and at the same time allow the full amount called for in the release as a credit on the note sued on.

Believing that plaintiffs in error have wholly failed to point out any evidence in the record showing that they were entitled, as a credit on the note sued on, to any of the items mentioned in either their first or second assignments of error, or to any part of either of said items, said assignments will both be overruled, and believing that there is ample evidence in the record on which the judgment of the trial court may be sustained and supported, and finding no fundamental error in the record, the judgment of the trial court will be, in all things, affirmed; and it is so ordered.